IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REBECCA A. ARIS, | ) | CIVIL 13-00035 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, DEPARTMENT | ) | |
| OF EDUCATION; JOHN DOES 1-10, | ) | |
| DOE ENTITIES 1-10, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COMPLAINT FILED April 10, 2013**

Before the Court is Defendant State of Hawai`i, Department of Education's ("the DOE") Motion to Dismiss Complaint Filed January 18, 2013 ("Motion"), filed on April 10, 2013. [Dkt. no. 5.]  Plaintiff Rebecca A. Aris ("Plaintiff") filed her memorandum in opposition on May 20, 2013, and the DOE filed its reply on May 28, 2013.  [Dkt. nos. 8, 9.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i.  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the DOE's Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

On January 18, 2013, Plaintiff filed the instant action

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"). The Complaint states that her race and national origin is Filipino. English is her second language, and she speaks English with a Filipino accent. [Complaint at ¶ 7.] Plaintiff was employed with the DOE for the majority of the school years from 1983 through 2011. On or about January 2001, the DOE hired Plaintiff as a full-time special education ("SPED") teacher and assigned her to Waipahu High School ("Waipahu"). [Id. at ¶¶ 11-16, 29.]

On or about September 2009, Plaintiff's duties as a SPED teacher included accompanying her students to their general education classes. According to the Complaint, Plaintiff observed Tracy Takahashi, a world history teacher who is of Chinese ancestry, "mock[ing] people of Filipino ancestry by mockingly using Filipino accents in the classroom 3-4 times per week, which resulted in the non-Filipino students laughing." [Id. at ¶ 19.]

Plaintiff states that she spoke directly to Ms. Takahashi about the matter, but the mocking continued. Plaintiff verbally reported the matter to SPED chairpersons, Nadine Villarmia and Steve Karpinski, and to two Waipahu vice principals, Gary Chun and Corrine Fujieda, but nothing was done to address the problem. Plaintiff also reported the matter to Mr. Chun in a memorandum dated August 30, 2010 and in a March 24,

2011 memorandum that was virtually identical to the August 30, 2010 memorandum.  Mr. Chun did not respond to either memorandum. [Id. at ¶¶ 19-21.]

In a May 8, 2011 email that Plaintiff sent to Waipahu's principal, Keith Hayashi, Mr. Chun, and two other vice principals, Plaintiff reported a specific incident that occurred on May 6, 2011, in which Ms. Takahashi mimicked a Filipino accent during a lesson.  Plaintiff stated that she spoke to Ms. Takahashi during a recess, but Ms. Takahashi did not stop the offensive behavior.  Plaintiff's email mentioned her August 30, 2010 memorandum and her verbal report to Mr. Karpinski.  [Id. at ¶ 22.]  In a May 11, 2011 email, Principal Hayashi stated that he spoke with Ms. Takahashi, and Ms. Takahashi told him that she apologized to Plaintiff and the class and that it would not happen again.  [Id. at ¶ 23.]  Plaintiff responded that same day and told Principal Hayashi that Ms. Takahashi had not apologized to her; Ms. Takahashi only apologized to the students.  Plaintiff reiterated that Ms. Takahashi had been using the mocking Filipino accent for the last three years and that Plaintiff first reported the matter to Mr. Chun on August 23, 2010.  Plaintiff also inquired about corrective action against by Ms. Takahashi.  Principal Hayashi did not respond.  [Id. at ¶ 24.]

On May 19, 2011, Plaintiff filed a complaint with the DOE's Office of Civil Rights Compliance ("CRC").  The CRC

3

complaint alleged race and national origin discrimination and retaliation.  The same day, the director of the CRC office sent Plaintiff a letter acknowledging receipt of the CRC complaint and stating that an investigator would look into the matter.  [Id. at ¶ 25.]  On May 23, 2011, Plaintiff met with the DOE Complex Area Superintendent Sheldon Oshiro and also provided him with a written report.  In addition to the events discussed, *supra*, Plaintiff's report stated that she had been targeted after filing her discrimination complaints.  Area Superintendent Oshiro prepared a report about the meeting with Plaintiff, but the report did not discuss the alleged discrimination or retaliation.  [Id. at ¶¶ 26-27.]  On July 25, 2011, Plaintiff met with DOE Superintendent Kathryn S. Matayoshi and provided her with a similar written report.  Superintendent Matayoshi did not respond.  [Id. at ¶ 28.]

Plaintiff alleges that, in retaliation for her reports of discrimination and retaliation, the DOE: "placed Plaintiff on a PEP-T on May 11, 2011;" recommended Plaintiff for termination on May 16, 2011; notified Plaintiff on July 22, 2011 that she was on Department Directed Leave ("DDL") from July 26, 2011 to August 10, 2011; extended her DDL from August 11, 2011 to August 25, 2011; extended her DDL from August 26, 2011 to October 17, 2011; and notified her in writing on September 23, 2011 that she was being terminated effective October 5, 2011 "for

false allegations of alleged 'performance issues.'" [Id. at ¶ 29.]  Plaintiff alleges that the DOE violated its anti-discrimination and anti-retaliation policies.  [Id. at ¶¶ 30-31.]

Plaintiff filed a charge of discrimination ("the Charge") with the Equal Employment Opportunity Commission ("EEOC") on June 27, 2012, alleging race and national origin discrimination and retaliation.[1]  The EEOC issued a right to sue letter on September 26, 2012.[2]  Plaintiff states that she filed a timely complaint in state court on December 6, 2012 but, on January 18, 2013, the parties stipulated to dismiss the state court case without prejudice, and Plaintiff filed the instant action.  [Id. at ¶¶ 33-38.]

The Complaint alleges two Title VII claims - race and national origin discrimination ("Count I") and retaliation ("Count II").  The Complaint prays for reinstatement, compensatory and special damages, attorneys' fees and litigation expenses, and any other appropriate relief.

I. **Motion**

In the instant Motion, the DOE argues that this Court must dismiss the Complaint because there is no subject matter

---

[1] The Charge is attached to the instant Motion as Exhibit A to the Declaration of Beth Schimmelfennig ("Schimmelfennig Declaration").

[2] The right to sue letter is attached to the instant Motion as Exhibit B to the Schimmelfennig Declaration.

jurisdiction and, even assuming *arguendo* that jurisdiction exists, Plaintiff has failed to state an actionable Title VII claim.

    The DOE argues that this Court lacks subject matter jurisdiction because Plaintiff failed to bring this action within ninety days after receipt of the right to sue letter, as required by 42 U.S.C. § 2000e-5(f)(1).  The fact that Plaintiff timely filed a complaint in state court is irrelevant because the filing of that action did not toll the ninety-day requirement.  [Mem. in Supp. of Motion at 5-6.]

    The DOE also argues that Plaintiff failed to file her Charge alleging hostile work environment in a timely manner.  Plaintiff alleges a hostile work environment based on Ms. Takahashi's mocking use of a Filipino accent in September 2009 and on May 6, 2011, but Plaintiff did not file her Charge until June 27, 2012.  The DOE argues that the September 2009 incident is clearly time barred by several years, but the May 6, 2011 incident was also 479 days before Plaintiff filed the Charge.  Thus, whether the Court applies the 180-day filing period for an EEOC charge or the 300-day filing period for state agency complaints, Plaintiff's hostile work environment claim is time-barred.  [Id. at 6-7.]

    In addition, the DOE contends that Plaintiff failed to exhaust her administrative remedies as to her hostile work

6

environment claim based on the mocking use of the Filipino accent because Plaintiff did not specify that allegation in the Charge. The hostile work environment claim is not like or reasonably related to the retaliation claim she alleged in the Charge. Further, even if the hostile work environment claim is like or reasonably related to Plaintiff's retaliation claim, Plaintiff's failure to bring the hostile work environment claim in a timely manner constitutes failure to exhaust her administrative remedies.  [Id. at 8-9.]

Even if this Court concludes that Plaintiff properly exhausted her administrative remedies and timely filed her Complaint following the right to sue letter, the DOE argues that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  The DOE therefore urges this Court to dismiss the Complaint.

**II.  Memorandum in Opposition**

Plaintiff argues that all of her oral and written reports about Ms. Takahashi's conduct, culminating in the Charge, were protected activities.  She also points to the incidents of retaliation described in the Complaint and described in her declaration and supporting documents.  [Mem. in Opp. at 3-4 (citing Mem. in Opp., Decl. of Rebecca Aris, Exhs. H-M).] Plaintiff argues that her Charge, which she filed pro se, "was within 300 days of at least two adverse

actions/harassment/retaliation." [Id. at 4-5.] Although Plaintiff does not expressly state which two actions she is referring to, presumably she is referring to the September 23, 2011 notification of her termination, which was effective October 5, 2011, and the second DDL leave period. Plaintiff therefore argues that her Charge was timely. She further contends that the instant action was timely filed within ninety days of receipt of the right to sue letter because: she timely filed the state court action; the parties stipulated to dismiss the state court action without prejudice; and she filed this action on the same day that the state court approved the parties' stipulation.[3] Plaintiff states that the DOE has not identified any case law supporting its position that the instant action is untimely. [Id. at 5.]

Plaintiff also argues that the Complaint sets forth sufficient factual allegations to state a plausible claim as to both Count I and Count II. Plaintiff therefore urges the Court to deny the Motion.

**III. Reply**

In its Reply, the DOE first argues that the 180-day filing period applies, not the 300-day filing period, because Plaintiff did not file her Charge with the Hawai`i Civil Rights

---

[3] Plaintiff submitted a copy of the stipulation with her Memorandum in Opposition as Exhibit O to the Declaration of Counsel.

Commission ("HCRC"). Plaintiff did not mark the box for Fair Employment Practices Agencies on her EEOC Charge, and therefore her Charge was not dual filed with the HCRC. Further, Plaintiff herself does not mention a HCRC filing either in the Complaint or in the declaration attached to her Memorandum in Opposition. Plaintiff failed to file her Charge within 180-days of the last alleged discriminatory act. The DOE reiterates that, even if the 300-day filing period applied, Plaintiff's hostile work environment claim is based on Ms. Takahashi's mimicking a Filipino accent, which last occurred on May 6, 2011, 479 days before Plaintiff filed the Charge. [Reply at 2-3.] The DOE also contends that Plaintiff did not timely file her Charge as to Count II. Even if October 5, 2011, the effective date of Plaintiff's termination, is the last adverse action, the filing date of the Charge was well beyond 180 days from October 5, 2011. The DOE, however, argues that the relevant date is May 16, 2011, when Plaintiff learned that Principal Hayashi recommended her for termination. Based on that date, Plaintiff's Charge was untimely under even the 300-day period. [Id. at 4-5 (some citations omitted) (citing Stanley v. Trs. of Cal. State Univ., 433 F.3d 1129, 1136 (9th Cir. 2006)).]

      The DOE points out that there is no dispute that Plaintiff filed the instant action more than ninety days after the receipt of the right to sue letter. The DOE acknowledges

that the failure to comply with the ninety-day period is subject to equitable tolling, but the DOE argues that tolling is not warranted in this case, particularly because Plaintiff has not even argued that equitable tolling applies.  The DOE argues that the stipulation to dismiss the state court complaint without prejudice does not make the filing of the Complaint in this action timely.  The DOE emphasizes that its counsel notified Plaintiff's counsel in a January 8, 2013 letter that the stipulation did not waive the DOE's timeliness defense if Plaintiff filed an action in federal court.  [Id. at 5-6 & n.2; id., Decl. of Maria C. Cook, Exh. C).]  The DOE argues that, under Ninth Circuit case law, the timely filing of a complaint, which the plaintiff later dismisses, does not toll or suspend the ninety-day limitations period.  This is so even if the dismissal was without prejudice.  [Id. at 6-7 (citing O'Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir. 2006)).]  The DOE also argues that the Complaint in the instant case does not relate back to the complaint in the state court action, and Plaintiff has not set forth any extraordinary grounds that would warrant equitable tolling, such as an improper purpose by the DOE.  [Id. at 7-8.]

Finally, the DOE reiterates that, even if this Court is not inclined to dismiss the Complaint based on either the untimeliness of the Charge or the untimeliness of the Complaint, this Court must dismiss Plaintiff's Complaint because it fails to

state a claim upon which relief can be granted.  The DOE therefore urges this Court to grant the Motion.

## **STANDARD**

The DOE brings the instant Motion pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).  Rule 12(b)(1) authorizes a district court to dismiss an action for "lack of subject matter jurisdiction[.]"  "[T]he party asserting subject matter jurisdiction has the burden of proving its existence."  Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009).  This district court has stated that a Rule 12(b)(1) motion "may (1) attack the allegations of a pleading as insufficient to confer subject matter jurisdiction on the court ('facial attack') or (2) 'attack the existence of subject matter jurisdiction in fact' ('factual attack')."  Krakauer v. Indymac Mortg. Servs., Civ. No. 09-00518 ACK-BMK, 2013 WL 704861, at *2 (D. Hawai`i Feb. 26, 2013) (some citations omitted) (quoting Malama Makua v. Rumsfeld, 136 F. Supp. 2d 1155, 1159 (D. Hawai`i 2001)).

Rule 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

> Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). . . .
>
> On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland,

>   96 F.3d 1204, 1207 (9th Cir. 1996). To
>   survive a motion to dismiss, a complaint must
>   contain sufficient factual matter to "state a
>   claim to relief that is plausible on its
>   face." Bell Atl. Corp. v. Twombly, 550 U.S.
>   544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929
>   (2007). "A claim has facial plausibility
>   when the plaintiff pleads factual content
>   that allows the court to draw the reasonable
>   inference that the defendant is liable for
>   the misconduct alleged." Ashcroft v. Iqbal,
>   --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L.
>   Ed. 2d 868 (2009). "Threadbare recitals of
>   the elements of a cause of action, supported
>   by mere conclusory statements, do not
>   suffice." Id. (citing Twombly, 550 U.S. at
>   554, 127 S. Ct. 1955).
>
> Hawaii Motorsports Inv., Inc. v. Clayton Group
> Servs., Inc., 693 F. Supp. 2d 1192, 1195-96 (D.
> Hawai`i 2010).
>
>   This Court, however, notes that the tenet
>   that the court must accept as true all of the
>   allegations contained in the complaint — "is
>   inapplicable to legal conclusions." Iqbal, 129 S.
>   Ct. at 1949. Factual allegations that only permit
>   the court to infer "the mere possibility of
>   misconduct" do not show that the pleader is
>   entitled to relief. Id. at 1950.
>
>   "Dismissal without leave to amend is improper
>   unless it is clear that the complaint could not be
>   saved by any amendment." Harris v. Amgen, Inc.,
>   573 F.3d 728, 737 (9th Cir. 2009) (citation and
>   quotation marks omitted).

Enriquez v. Countrywide Home Loans, FSB, 814 F. Supp. 2d 1042,

1055 (D. Hawai`i 2011) (some citations omitted).

>   This district court has recognized that:
>
>   When a defendant attaches exhibits to a motion to
>   dismiss, the court ordinarily must convert the
>   motion into a summary judgment motion so that the
>   plaintiff has an opportunity to respond. Parrino
>   v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir.

> 1998). However, a court "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011); see also Fed. R. Civ. P. 12(b)(6) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

### DISCUSSION

### I. Threshold Requirements for Title VII Actions

This district court has recognized that:

> "Title VII contains several distinct filing requirements which a claimant must comply with in bringing a civil action." Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1172 *as amended by*, 815 F.2d 570 (9th Cir. 1987). To file a claim under Title VII, a plaintiff must file a complaint with the EEOC within 180 days of the last discriminatory act. See Bouman v. Block, 940 F.2d 1211, 1219 (9th Cir. 1991) (citing 42 U.S.C. § 2000e-5(e)). Moreover, a Title VII action must "be filed within ninety days from the issuance of the right to sue letter by the EEOC." Valenzuela, 801 F.2d at 1172 (citing 42 U.S.C. § 2000e-5(f)(1)).

13

You v. Longs Drugs Stores Cal., LLC, Civil No. 11-00530 SOM/RLP, 2013 WL 1296257, at *8 (D. Hawai`i Mar. 27, 2013).  In work sharing jurisdictions such as Hawai`i, however, 42 U.S.C. § 2000e-5(e)(1) extends the 180-day filing period to 300-days.  See, e.g., E.E.O.C. v. Global Horizons, Inc., 860 F. Supp. 2d 1172, 1193-94 (D. Hawai`i 2012) (noting that "Hawaii and California are both 'worksharing' states such that administrative claims filed with the EEOC are **deemed 'dual-filed** with the state's local agency and vice versa" (citations and footnote omitted) (emphasis added)).  Further, the Supreme Court held that, in a Title VII case, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (footnote omitted).

At the present time, however, this Court need not determine which events, if any, Plaintiff timely challenged in her Charge because Plaintiff failed to file the Complaint in the instant case within ninety days after receipt of the right to sue letter.

Plaintiff's right to sue letter states that it was mailed on September 26, 2012.  [Schimmelfennig Decl., Exh. B.]  Pursuant to Ninth Circuit law, Plaintiff is presumed to have

received the letter three days after mailing, *i.e.* on September 29, 2012.  See Turner v. Dep't of Educ. Hawai`i, 855 F. Supp. 2d 1155, 1168-69 (D. Hawai`i 2012) (citing Payan v. Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1125 (9th Cir. 2007)). Plaintiff filed her complaint in the state court action within ninety-days after September 29, 2012, but more than one hundred days elapsed between September 29, 2012 and the filing of Plaintiff's Complaint in the instant action on January 18, 2013. Plaintiff's position, as suggested in the Complaint, and expressly stated in her Memorandum in Opposition, is that this Court should deem the filing of the instant Complaint to be timely because Plaintiff filed it on the same day that the state court case was dismissed without prejudice pursuant to the parties' stipulation.  Without more, Plaintiff's argument fails as a matter of law.

While equitable tolling can apply to the ninety-day filing period, this district court has recognized that a plaintiff "will have to satisfy a high burden to demonstrate that the ninety-day deadline should be equitably tolled. 'Equitable tolling is . . . to be applied only sparingly, and courts have been generally unforgiving . . . when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights.'"  Id. at 1169 (alterations in Turner) (some citations omitted) (quoting Nelmida v. Shelly Eurocars, Inc., 112

F.3d 380, 384 (9th Cir. 1997)).

Further, the Ninth Circuit has held that tolling does not apply when a plaintiff dismisses a timely filed complaint and later files a new complaint, nor does the second complaint relate back to the first complaint under Fed. R. Civ. P. 15(c)(2) because the second complaint is a separate filing, not an "amendment" of the original complaint. O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1066 (9th Cir. 2006). In O'Donnell, the Ninth Circuit stated:

> In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not "toll" or suspend the ninety-day limitations period. See Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); see also Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (per curiam). "In such cases, dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action." Chico-Velez v. Roche Prods., Inc., 139 F.3d 56, 59 (1st Cir. 1998). Contrary to O'Donnell's assertion, it is irrelevant that the dismissal of her first complaint without prejudice was "involuntary" rather than "voluntary." See Wei, 763 F.2d at 372; see also 8 James Wm. Moore, et al., Moore's Federal Practice § 41.50(7)(b) (3d ed. 1997).

Id.

Even if this Court liberally construes Plaintiff's Complaint as asserting equitable estoppel because she relied on the stipulation to dismiss the state court action, the factual

allegations currently pled in the Complaint are insufficient.

> "Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit . . . ." Santa Maria [v. Pac. Bell], 202 F.3d [1170,] 1176 [(9th Cir. 2000), *overruled on other grounds by* Socop-Gonzalez v. I.N.S., 272 F.3d 1176, 1194 (9th Cir. 2001)]. "A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied." Id. Equitable estoppel is not warranted here because there is no "evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct." Id.

Id. at 1067 (some alterations in O'Donnell).

The DOE asks this Court to rule that there is no basis for either equitable tolling or equitable estoppel because the DOE's counsel made it clear that, by stipulating to dismiss the complaint in the state court action, the DOE was not waiving its right to challenge the timeliness of any complaint Plaintiff subsequently filed in federal court. [Reply, Decl. of Maria C. Cook, Exh. C (letter dated January 8, 2013).] This Court, however, declines to consider the January 8, 2013 letter in ruling on the instant Motion because considering the letter would require converting the instant Motion into a motion for summary judgment and allowing Plaintiff to submit responsive evidence.

See Yamalov, 2011 WL 1875901, at *7 n.7.

Although it is a close question, this Court cannot say that it is clear Plaintiff's Complaint could not be saved by any amendment. See Harris, 573 F.3d at 737. This Court therefore GRANTS the DOE's Motion and DISMISSES Plaintiff's Complaint WITHOUT PREJUDICE.

## II. Leave to Amend

Insofar as this Court has dismissed Plaintiff's Complaint without prejudice, Plaintiff is granted until **July 16, 2013** to file an amended complaint addressing the issues discussed in this Order. This Court emphasizes that, although a motion to dismiss is not the proper stage to address the merits of an equitable tolling and/or equitable estoppel claim, Plaintiff must plead sufficient facts to raise a plausible argument that equitable tolling and/or equitable estoppel applies. This Court also emphasizes that, as set forth *supra*, courts sparingly apply equitable tolling and equitable estoppel.

The Court CAUTIONS Plaintiff that, if she fails to timely file her amended complaint, the claims which this Court has dismissed without prejudice will be automatically dismissed with prejudice. Further, if Plaintiff's amended complaint fails to address the issues identified in this Order, the Court may dismiss Plaintiff's claims with prejudice.

This Court emphasizes that Plaintiff is not granted

18

leave to add new parties, claims, or theories of liability.  If Plaintiff wishes to add new parties, claims, or theories of liability, she must either obtain a stipulation from the DOE or file a motion seeking leave to amend.  The magistrate judge will rule upon such a motion in the normal course.  This Court CAUTIONS Plaintiff that, if she includes new parties, claims, or theories of liability in the amended complaint without obtaining either a stipulation or leave from the magistrate judge, the new parties, claims, or theories of liability may be dismissed with prejudice.

## **CONCLUSION**

On the basis of the foregoing, the DOE's Motion to Dismiss Complaint Filed January 18, 2013, filed April 10, 2013, is HEREBY GRANTED.  This Court HEREBY DISMISSES Plaintiff's Complaint WITHOUT PREJUDICE.  The Court GRANTS Plaintiff leave to file an amended complaint, pursuant to the terms of this Order, by no later than **July 16, 2013**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 14, 2013.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**REBECCA A. ARIS V. STATE OF HAWAII, ETC.; CIVIL 13-00035 LEK-KSC; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT FILED APRIL 10, 2013**