IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REBECCA A. ARIS, | ) | CIVIL 13-00035 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, DEPARTMENT | ) | |
| OF EDUCATION; JOHN DOES 1-10, | ) | |
| DOE ENTITIES 1-10, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT, FILED JULY 1, 2013, WITH PREJUDICE**

Before the Court is Defendant State of Hawai`i, Department of Education's ("the DOE") Motion to Dismiss First Amended Complaint, Filed July 1, 2013, with Prejudice ("Motion"), filed on July 11, 2013.  [Dkt. no. 14.]  Plaintiff Rebecca A. Aris ("Plaintiff") filed her memorandum in opposition on September 3, 2013, and the DOE filed its reply on September 9, 2013.  [Dkt. nos. 23, 24.]

This matter came on for hearing on September 23, 2013. Appearing on behalf of the DOE was Maria C. Cook, Esq., and appearing on behalf of Plaintiff was Venetia K. Carpenter-Asui, Esq.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, the DOE's Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background in this case is set forth in this Court's June 14, 2013 Order ("6/14/13 Order") which (1) dismissed Plaintiff's original Complaint, [filed 1/18/13,] without prejudice, and (2) granted Plaintiff until July 16, 2013 to file an amended complaint in order to cure the deficiencies noted in the 6/14/13 Order.[1]  2013 WL 3030214. The Court will only discuss the events that are relevant to the instant Motion.

In the 6/14/13 Order, this Court cautioned Plaintiff that, if she failed to timely file an amended complaint, the claims that were dismissed without prejudice would be "automatically dismissed with prejudice." Id. at *8. In addition, if the "amended complaint fails to address the issues identified in this Order, the Court may dismiss Plaintiff's claims with prejudice." Id.

On July 1, 2013, Plaintiff filed her First Amended Complaint. [Dkt. no. 13.] In the First Amended Complaint, Plaintiff asserts that equitable tolling should apply because Plaintiff:  filed a timely state court action within ninety-days of receipt of the Equal Employment Opportunity Commission right to sue letter; signed a stipulation with the DOE to dismiss the

---

[1] The 6/14/13 Order is available at Aris v. State of Hawai`i, Department of Education, No. 13-00035 LEK-KSC, 2013 WL 3030214 (D. Hawai`i June 14, 2013).

state court action "without prejudice"; and re-filed her Complaint in federal court the same day the state court dismissed the case.  [Id. at ¶ 39.]  The First Amended Complaint alleges the following claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"):  race and national origin discrimination ("Count I"); and retaliation ("Count II").  The First Amended Complaint prays for the following relief:  reinstatement; compensatory and special damages; attorneys' fees and litigation expenses; and any other appropriate relief.

## DISCUSSION

The DOE brings the instant Motion pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).  The applicable standards are set forth in the 6/14/13 Order.  2013 WL 3030214, at *5.

Plaintiff argues that the original Complaint was timely filed based on (1) the mailbox rule, or in the alternative, (2) equitable estoppel and, (3) equitable tolling.  Plaintiff, however, presents the same arguments regarding the mailbox rule and equitable estoppel that she presented in response to the DOE's motion to dismiss the original Complaint.  [Motion to Dismiss Complaint Filed January 18, 2013 ("First Motion to Dismiss"), filed 4/10/13 (dkt. no. 5); Mem. in Opp. to First Motion to Dismiss, filed 5/20/13 (dkt. no. 8).]  Plaintiff essentially asks this Court to reconsider its rulings regarding

the mailbox rule and equitable estoppel.  <u>See</u> 6/14/13 Order, 2013 WL 3030214, at *7-8.  Plaintiff has not identified any grounds that would warrant reconsideration of those rulings.  <u>See</u> Local Rule LR60.1 (setting forth grounds for reconsideration of interlocutory orders).  This Court therefore declines to reconsider its rulings in the 6/14/13 Order regarding the mailbox rule and equitable estoppel.

In response to the instant Motion, Plaintiff relies on <u>Burnett v. New York Central Railroad Co.</u>, 380 U.S. 424 (1965), to demonstrate that equitable tolling should apply to her case. Plaintiff's position, as suggested in the First Amended Complaint and expressly stated in her Memorandum in Opposition, is that this Court should deem the filing of the original Complaint to be timely because Plaintiff filed it on the same day that the state court dismissed the case without prejudice pursuant to the parties' stipulation.  Plaintiff's argument is misplaced.  Even if this Court liberally construes Plaintiff's First Amended Complaint as asserting equitable tolling based on the argument that Plaintiff filed a timely action in state court, the factual allegations in the First Amended Complaint are insufficient to state a basis for equitable tolling.  In <u>Burnett</u>, the United States Supreme Court held that:

> [W]hen a plaintiff begins a timely [Federal
> Employers' Liability Act ("FELA")] action in a
> state court having jurisdiction, and serves the
> defendant with process and plaintiff's case is

4

>     dismissed for improper venue, the FELA limitation
>     is tolled during the pendency of the state
>     suit. . . .  [T]he limitation provision is tolled
>     until the state court order dismissing the state
>     action becomes final by the running of the time
>     during which an appeal may be taken or the entry
>     of a final judgement on appeal. . . .

Id. at 434-35 (footnote omitted).

This Court finds that, unlike Burnett, where the plaintiff filed a timely action in a state court having jurisdiction, Plaintiff filed the original action in state court without jurisdiction.[2]  The Eleventh Amendment bars a private citizen's suit against a state, unless Congress has "unequivocally expressed" abrogation of state sovereign immunity or the state has waived it.  Jachetta v. United States, 653 F.3d 898, 908 (9th Cir. 2011) (citing Tennessee v. Lane, 541 U.S. 509, 517, 124 S. Ct. 1978, 158 L. Ed. 2d 820 (2004)).  Although Title VII does not specifically provide for suits against states, the United States Supreme Court has recognized, based on legislative

---

[2] In addition, the defendants in Burnett waived venue objections, while the DOE's counsel in the instant case made it clear that, by stipulating to dismiss the original complaint in the state court action, the DOE was not waiving its right to challenge the timeliness of any complaint Plaintiff subsequently filed in federal court. [Reply in Supp. of First Motion to Dismiss, filed 5/28/13 (dkt. no. 9), Decl. of Maria C. Cook, Exh. C (letter dated January 8, 2013).]  This Court mentions this difference merely to point out why Burnett is inapplicable here and declines to consider the January 8, 2013 letter for any other purpose because considering the letter would convert the instant Motion into a motion for summary judgment. See Yamalov v. Bank of Am. Corp., No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011).

history, that "'congressional authorization' to sue the State as employer is clearly present." Fitzpatrick v. Bitzer, 427 U.S. 445, 452 (1976) (internal citations omitted); see also Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 976 (9th Cir. 1994) (recognizing that "[t]he Supreme Court has held that Congress has abrogated the Eleventh Amendment with respect to Title VII claims" (citations omitted)). Accordingly, this Court would have had jurisdiction to hear Plaintiff's Title VII claims if she filed a timely action in this district court. See Cerrato, 26 F.3d at 976.

In contrast, state sovereign immunity still applies in state court. The Hawai`i Supreme Court has noted that:

> The doctrine of sovereign immunity refers to the general rule, incorporated in the Eleventh Amendment to the United States Constitution, that a state cannot be sued in federal court without its consent or an express waiver of its immunity. The doctrine of sovereign immunity, as it has developed in Hawai`i, also precludes such suits in state court.

Kaleikini v. Yoshioka, 129 Hawai`i 454, 467, 304 P.2d 252, 265 (2013) (citations omitted). Plaintiff's lawsuit, while timely filed, was precluded in state court. Her case is therefore distinguishable from Burnett.

The unfortunate but inescapable conclusion is that equitable tolling is inapplicable because Plaintiff filed a timely complaint in state court without jurisdiction. Without relief from the ninety-day time requirement for filing her

Complaint, Plaintiff's Complaint filed in federal court is not timely, and the Court must grant dismissal.

To the extent that Plaintiff did not allege any new facts after this Court identified the deficiencies in the original Complaint, this Court finds that further amendment would be futile.  See Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987) (stating that "courts have discretion to deny leave to amend a complaint for futility" (citation and quotation marks omitted)).  This Court therefore GRANTS the DOE's Motion and DISMISSES Plaintiff's First Amended Complaint WITH PREJUDICE.

## CONCLUSION

On the basis of the foregoing, the DOE's Motion to Dismiss First Amended Complaint, Filed July 1, 2013, with Prejudice, filed July 11, 2013, is HEREBY GRANTED.  Plaintiff's First Amended Complaint is HEREBY DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 17, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**REBECCA A. ARIS VS. STATE OF HAWAII, DEPARTMENT OF EDUCATION; CIVIL NO. 13-00035 LEK-KSC; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, FILED JULY 1, 2013, WITH PREJUDICE**